1  Christine Morgan (SBN 169350)
   Email: cmorgan@reedsmith.com
2  REED SMITH LLP
   101 Second Street, Suite 1800
3  San Francisco, CA 94105-3659
4  Telephone:  +1 415 543 8700
   Facsimile:  +1 415 391 8269
5
6  James T. Hultquist (*Pro Hac Vice*)
   Email: jhultquist@reedsmith.com
7  Alfred E. Hanna (*Pro Hac Vice*)
   Email: ahanna@reedsmith.com
8  REED SMITH LLP
   10 South Wacker Drive, 40th Floor
9  Chicago, IL  60606-7507
   Telephone:  +1 312 207 1000
10 Facsimile:  +1 415 207 6400
11
   Attorneys for Defendant
12 Flooring 101, Inc.

FILED
CLERK, U.S. DISTRICT COURT
MAR 26 2010
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| LUMBER LIQUIDATORS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>FLOORING 101, INC., a California corporation,<br><br>    Defendant. | No.: CV 09-3381 DMG (CWx)<br><br>**Stipulation re: [Proposed] Protective Order**<br><br>Compl. Filed: May 13, 2009 |
| FLOORING 101, INC., a California corporation,<br><br>    Counterclaimant,<br><br>vs.<br><br>LUMBER LIQUIDATORS, INC., a Delaware corporation,<br><br>    Counter-Defendant | Honorable Dolly M. Gee |

No.: CV 09-3381 DMG (JWJx)                                    US_ACTIVE-103416517.1

PROTECTIVE ORDER

**STIPULATION RE: [PROPOSED] PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Lumber Liquidators, Inc. ("Lumber Liquidators") and Defendant Flooring 101, Inc. ("Flooring 101") (collectively hereinafter the "Parties") have stipulated, through their respective counsel, to the entry of a Protective Order governing the disclosure of certain discovery produced by the Parties. In accordance with this request and for good cause shown, it is, this 26th day of March 2010, hereby

**ORDERED** as follows:

1. The purpose of this Order is to protect the privacy of the Parties and Third-Parties, the confidentiality of their legitimate business interests and other non-public, competitively sensitive, proprietary, trade secret or confidential business information, and to permit discovery and trial preparation to proceed with a minimum of discovery motions over matters of confidentiality.

2. This Order governs the handling of all documents, testimony and information produced, given or filed herein by the Parties or Third-Parties and designated or considered "Confidential" or "Highly Confidential" (collectively, "Confidential Materials") under this Order. Confidential Materials shall be used only for the purposes of this action and shall not be used for any other purpose.

3. The following definitions apply to this Order:

 (a) "Party" means a named Party in this case.

 (b) "Person" means an individual or an entity.

 (c) "Third-Party" means a natural Person, partnership, corporation, association or other legal entity not named as a Party in this action.

 (d) "Producer" means a Person who produces information via the discovery process in this action.

 (e) "Recipient" means a Person who receives information via the discovery process in this action.

(f) "This action" as used in this Order refers to *Lumber Liquidators, Inc. v. Flooring 101, Inc.*, No. CV 09-3381 DMG, in the United States District Court for the Central District of California, Western Division.

(g) When used in this Order, the word "document" shall include, without limitation, all original, written, recorded, electronic or graphic materials, and all copies thereof.

(h) "Confidential" information is information concerning a Person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a Third Party or to a Court.

(i) "Highly Confidential" information is information within the scope of Rule 26(c)(1)(G) that is current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a Third Party or to a Court.

4. Information is not Confidential or Highly Confidential if it is disclosed in a printed publication, is known to the public, was known to the Recipient without obligation of confidentiality before the Producer disclosed it, or is or becomes known to the Recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Highly Confidential if a Person lawfully obtained it independently of this litigation.

5. Designation of information as Confidential or Highly Confidential:

(a) A Person's designation of information as Confidential or Highly Confidential means that the Person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

(b) A Person designates information in a document or thing as Confidential or Highly Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

(c) A Producer may make documents or things containing Confidential or Highly Confidential information available for inspection and copying without marking them as such without

forfeiting a claim of confidentiality, so long as the Producer causes copies of the documents or things to be marked Confidential or Highly Confidential before providing them to the Recipient.

(d)     A Person designates information in deposition testimony as Confidential or Highly Confidential by stating on the record at the deposition that the information is Confidential or Highly Confidential or by advising the opposing Party and the stenographer and videographer in writing, within fourteen (14) days after receipt of the deposition transcript, that the information is Confidential or Highly Confidential. Confidential Materials within the deposition transcript or the exhibits thereto may be identified in writing, with page and line references, or by underlining the relevant portions "Confidential" or "Highly Confidential." Until the expiration of the fourteen (14) day period any portion of the deposition not previously designated shall be treated as "Highly Confidential" and subject to protection as provided by this Stipulated Protective Order.

(e)     A Person's failure to designate a document, thing, or testimony as Confidential or Highly Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

(f)     A Person who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all Parties in the case.

(g)     If a Party disputes a Producer's designation of information as Confidential or Highly Confidential, the Party shall notify the Producer in writing of the basis for the dispute, identifying the specific documents or things as to which the designation is disputed and proposing a new designation for such materials. The Party and the Producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after notice of the dispute unless within that fourteen (14) day period the Producer files a motion with the Court to maintain the Producer's designation. The Producer bears the burden of proving that the information is properly designated as Confidential or Highly Confidential. The information shall remain subject to the Producer's Confidential or Highly Confidential designation until the Court rules on the dispute. A Party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

- 3 -

No.: CV 09-3381 DMG (JWJx)                                         US_ACTIVE-103416517.1 -
PROTECTIVE ORDER

1  6. Use and disclosure of Confidential or Highly Confidential information:

2  (a) Confidential Materials may be used exclusively for purposes of this litigation, subject to the restrictions of this Order.

4  (b) Absent written permission from the Producer or further order by the Court, the Recipient may not disclose Confidential Materials to any Person other than the following: (i) a Party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a Party's in-house counsel; (iii) a Party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 6(d) of this Order, experts and consultants and their staff whom a Party employs for purposes of this litigation only; and (vi) the Court and personnel assisting the Court.

13  (c) Absent written permission from the Producer or further order by the Court, the Recipient may not disclose Highly Confidential information to any Person other than those identified in paragraph 6(b)( i), (iv), (v), (vi), and one designated in-house counsel of each Party. A designated in-house counsel must be an attorney employed by a Party, and actively involved in the representation of his/her client in this matter, and whose job responsibilities are primarily legal in nature and do not include responsibility for day-to-day operations of the company. The Parties shall disclose the identities of their designated in-house counsel either within ten (10) days of the entry of this Order or at least five (5) business days before sharing any Highly Confidential Information with such counsel, whichever is later. The designated in-house counsel shall not disclose any Confidential Materials to any Person other than as provided by this Stipulated Protective Order.

23  (d) A Party may not disclose Confidential Materials to an expert or consultant pursuant to paragraph 6(b) or 6(c) of this Order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order. The Party obtaining the undertaking must serve it on all other Parties within ten (10) days after its execution. At least ten (10) days before the first disclosure of Confidential Materials to an expert or consultant (or member of their staff), the Party proposing to make the disclosure must serve the Producer with a written identification of the

expert or consultant and a copy of his or her curriculum vitae. The curriculum vitae shall identify all consulting or employment relationships within the past five (5) years for any company that manufactures, sells or purchases flooring products or that provides services for any company that manufactures, sells or purchases flooring products. If the Producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the Party proposing to make the disclosure with a written objection within ten (10) days after service of the identification. Unless the Parties resolve the dispute within ten (10) days after service of the objection, the Producer must move the Court promptly for a ruling, and the Confidential Materials may not be disclosed to the expert or consultant without the Court's approval.

(e) Notwithstanding paragraph 6(a) and (b), a Party may disclose Confidential Materials to: any Person who appears on the face of the "Confidential" or "Highly Confidential" materials as an author, addressee, or Recipient thereof; or Persons who have prior knowledge of the document or thing, participated in events described or contained in the document or thing or in whose files the document or thing was found.

(f) A Party who wishes to disclose Confidential Materials to a Person not authorized under paragraph 6(b) or 4(c) must first make a reasonable attempt to obtain the Producer's permission. If the Party is unable to obtain permission, it may move the Court to obtain permission.

7. Copies: A Party producing documents as part of discovery must, upon request, furnish the requesting Party with one copy of the documents it requests, at the requesting Party's expense. Before copying, the Parties must agree upon the rate at which the requesting Party will be charged for copying.

8. Filing with the Court:

(a) This Protective Order does not, by itself, authorize the filing of any document under seal. No document may be filed under seal without prior leave of court. A Party wishing to file under seal a document containing Confidential Materials must move the Court for permission to file the document under seal. A Party filing a document under seal must also (unless excused by the Court) file a public-record version that excludes any Confidential Materials.

1  (b) If a Party wishes to file in the public record a document that another Producer
2  has designated as Confidential or Highly Confidential, the Party must advise the Producer of the
3  document no later than three (3) business days before the document is due to be filed, so that the
4  Producer may move the Court to require the document to be filed under seal.

5  (c) Any document filed under seal must be accompanied by a cover sheet
6  disclosing (i) the caption of the case, including the case number; (ii) the title "Restricted Document
7  Pursuant to Stipulated Protective Order" (iii) a statement that the document is filed as restricted in
8  accordance with a court order and the date of the order; and (iv) the signature of the attorney of
9  record filing the document.

10  9. Document Disposal: Upon the conclusion of this case, each Party must return to the
11  Producer all documents and copies of documents containing the Producer's Confidential Materials,
12  and must destroy all notes, memoranda, or other materials derived from or in any way revealing
13  Confidential or Highly Confidential information. Alternatively, if the Producer agrees, the Party
14  may destroy all documents and copies of documents containing the Producer's Confidential
15  Materials. The Party returning and/or destroying the Producer's Confidential Materials must
16  promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding
17  the requirements of this paragraph, a Party and its counsel may retain one complete set of all
18  documents filed with the Court, remaining subject to all requirements of this Order.

19  10. Originals: A legible photocopy of a document may be used as the "original" for all
20  purposes in this action. The actual "original," in whatever form the producing Party has it, must be
21  made available to any other Party within ten (10) days after a written request.

22  11. Nothing herein shall restrict the presentation of any evidence to the Court at trial or
23  any other hearing in this action, provided that such presentation shall not constitute a waiver of any
24  restriction contained in this Stipulated Protective Order, and the parties shall take reasonable steps to
25  maintain the confidentiality of Confidential Material at trial or any other hearing in this action in
26  such manner as the Court may direct.

27  12. Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel
28  from rendering advice to their clients and, in the course of rendering such advice, relying on the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

examination of Confidential Materials. However, in rendering such advice and otherwise communicating with the client, counsel shall not disclose the contents, substance or source of any Confidential Materials, except as otherwise permitted by this Stipulated Protective Order.

13. If Confidential Materials are disclosed to any person other than one entitled to disclosure under this Order, the Party or counsel responsible for the disclosure shall immediately upon learning of such disclosure inform the Disclosing Party in writing of all pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure by the unauthorized person. Notwithstanding the foregoing, counsel of record are responsible for employing reasonable measures to control, consistent with the terms of this Order, duplication of, access to and distributions of Confidential Materials under the terms of this Order.

14. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of either Party to challenge the propriety of discovery on other grounds, or to move the Court to modify, revise or amend this Order. The fact that a Party entered into this Order may not be raised as a defense to or argument against any such motion.

15. Nothing in this Order shall be construed as requiring the production of privileged or otherwise protected documents or information. The inadvertent disclosure in the course of discovery of any document or information (whether designated Confidential Materials or not) shall not be deemed to waive whatever attorney-client privilege, work product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or other information, as long as the Disclosing Party or Third-Party, promptly after discovery of the inadvertent production, notifies the other Party or parties of the claim or other protection or immunity. The inadvertently disclosed documents and all copies shall be returned to the Disclosing Party, and the Receiving Party shall not seek an order compelling production of the inadvertently disclosed documents on the ground that the Disclosing Party has waived or is estopped from asserting the applicable privilege or immunity on the basis that the document has been voluntarily produced. Counsel shall cooperate to restore the confidentiality of any such inadvertently produced documents and/or information. Notwithstanding the foregoing, the Receiving Party may challenge the Disclosing Party's claim that the disclosed documents or

information are legally privileged and/or confidential but shall take no further action inconsistent with the designation until the challenge is resolved.

16. Survival of obligations: This Order's obligations regarding Confidential Materials survive the conclusion of this case, and the Court shall retain jurisdiction over the parties for enforcement of its provisions.

DATED: March 22, 2010.

FLOORING 101, INC.

By _____
Christine Morgan (State Bar No. 169350)
James T. Hultquist (*Admitted Pro Hac Vice*)
Alfred E. Hanna (*Admitted Pro Hac Vice*)
REED SMITH, LLP
*Counsel for Defendant and Counter-Plaintiff Flooring 101, Inc.*

LUMBER LIQUIDATORS, INC.

By _____
Of Counsel
Paul L. Gale (State Bar No. 65873)
Email: paul.gale@troutmansanders.com
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1200
Irvine, California 92614-8592
(949) 622-2704 (voice)
(949) 769-2068 (facsimile)

Robert L. Brooke (*Admitted Pro Hac Vice*)
Email: rob.brooke@troutmansanders.com
Megan C. Rahman (*Pro Hac Vice Pending*)
megan.rahman@troutmansanders.com
TROUTMAN SANDERS LLP
Post Office Box 1122
Richmond, Virginia 23218
(804) 697-1200 (voice)
(804) 697-1339 (facsimile)
*Counsel for Plaintiff and Counter-Defendant Lumber Liquidators, Inc.*

IT IS SO ORDERED.

_____Carla M. Woehrle_____   March 26, 2010
Honorable ~~Dolly M. Gee~~        Date
United States ~~District Court~~ Magistrate Judge

No.: CV 09-3381 DMG (JWJx)    - 8 -    US_ACTIVE-103402212.4
PROTECTIVE ORDER

**Appendix 1**

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she received a copy of the Stipulated Protective Order entered in the action titled <u>Lumber Liquidators, Inc. v. Flooring 101, Inc. (Case No. CV 09-3381 DMG (JWJx))</u>, pending in the United States District Court for the Central District of California, has read same, and agrees to: (1) be bound by all of the provisions thereof; and (2) submit to the jurisdiction of the United States District Court for the Central District of California for all matters relating to his/her compliance with the obligations under the Stipulated Protective Order.

Dated: _____

_____
Name

_____
Signature

No.: CV 09-3381 DMG (JWJx)

PROTECTIVE ORDER

US_ACTIVE-103402212.4

## CERTIFICATE OF SERVICE

I, Alfred E. Hanna, an attorney, hereby certify that on March 22, 2010, I filed Flooring 101 Inc.'s **STIPULATION RE: [PROPOSED] PROTECTIVE ORDER** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Paul L Gale

paul.gale@troutmansanders.com,

Jenece Danielle Solomon

jenece.solomon@troutmansanders.com

Robert L Brooke

rob.brooke@troutmansanders.com

I hereby also certify that a copy of Flooring 101 Inc.'s **STIPULATION RE: [PROPOSED] PROTECTIVE ORDER** was sent via First Class U. S. Mail or by fax to:

Megan C. Rahman

Troutman Sanders LLP

1001 Haxell Point

Richmond VA 23219

By: _/s/_

James T. Hultquist
Alfred E. Hanna
Attorneys for Defendant
Flooring 101, Inc.
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507

No.: CV 09-3381 DMG (JWJx)

US_ACTIVE-103402212.4

PROTECTIVE ORDER